IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SHIRE U.S., INC., et al., | : | |
|     Plaintiffs, | : | |
|     v. | : | CIVIL NO. 07-CV-2958 |
| | : | |
| JOHNSON MATTHEY, INC., et al., | : | |
|     Defendants. | : | |

MEMORANDUM & ORDER

Rufe, J.                                                                                             February 14, 2008

        This is a declaratory judgment action involving a question of patent infringement. Presently before the Court is Defendants' Motion to Dismiss, or in the Alternative, to Transfer or Stay, the action.[1] For the following reasons, the Motion to Dismiss will be granted.

BACKGROUND

        Plaintiffs Shire U.S., Inc. and Shire Pharmaceuticals Ireland Limited (collectively, "Shire") seek a judgment that they do not infringe a patent assigned to Defendants Johnson Matthey, Inc., and/or Johnson Matthey PLC (Defendants collectively, "Johnson Matthey").[2] Both Plaintiffs and Defendants have their United States corporate headquarters in Wayne, Pennsylvania. The patent at issue, U.S. Patent No. 6,096,760, entitled "Solid α-phenyl-2-piperidine Acetate Free Base, Its Preparation and Use in Medicine," claims methylphenidate base

---

[1] Doc. No. 6.

[2] The parties do not see eye to eye on which of the two defendants is the assignee of the patent at issue. While Shire accurately observes that Johnson Matthey PLC is the assignee listed on the face of the patent, Compl. at ¶ 13 [Doc. No. 1], Defendants have represented that "the patent was later assigned to Johnson Matthey, Inc. . . . [which] will later seek dismissal of Johnson Matthey PLC if the Court does not dismiss the entire action as requested." Defs.' Mot. Dismiss at n. 2 [Doc. No. 2]. Because it does not affect this Court's disposition of the instant Motion, the question of which of the two defendants is the true assignee may be put to one side for now.

1

and methods for its production and use ("the '760 patent"). Methylphenidate is a compound which can be used in the treatment of attention-deficit hyperactivity disorder (ADHD). The base form of methylphenidate is applied to transdermal patches often used to treat children with ADHD. The '760 patent issued on August 1, 2000, to inventor Chester Sapino, and was assigned sometime thereafter to Johnson Matthey.

Shire is the exclusive licensee and global distributor of a product marketed under the trademark Daytrana. Daytrana is a pharmaceutical patch that delivers methylphenidate base transdermally. It is manufactured by Noven Pharmaceuticals, Inc. ("Noven"), a Delaware corporation with its principal place of business in Miami, Florida.[3]

On June 19, 2007, Johnson Matthey filed a complaint against Noven in the U.S. District Court for the Eastern District of Texas, claiming that Noven infringed the '760 patent by manufacturing Daytrana ("the Texas Action").[4] Shire was not named as a defendant in the Texas Action at the time. Approximately one month later, on July 18, 2007, Shire instituted this action for declaratory judgment, seeking a ruling that it does not infringe the '760 patent by distributing Daytrana. Subsequently, on July 23, 2007, Johnson Matthey amended the complaint in the Texas Action to include Shire as a defendant on the basis of Shire's alleged infringement of the '760 patent through its distribution of Daytrana.[5]

Johnson Matthey moved to dismiss, or in the alternative, to transfer or stay this action on August 15, 2007. After reviewing the Motion, the response thereto, and the reply and

---

[3] Noven is not a party to the instant action.

[4] Defs.' Mot. Dismiss Ex. B ¶ 10.

[5] Id. Ex. C ¶ 11.

sur-reply thereto, and hearing oral argument on the same, this matter is now ready for decision.

## DISCUSSION

Johnson Matthey argues this Court should exercise its discretion[6] to dismiss Shire's declaratory judgment action on the basis of the "first-to-file" rule, the doctrine of federal comity applicable to venue or forum disputes involving similar, concurrent actions in different jurisdictions. Under the rule, the forum of the first-filed case is favored unless fairness or efficiency considerations require otherwise.[7] Defendants contend that the rule compels this Court to yield to the Texas Action because the Texas Action was earlier-filed, and involves identical factual and legal questions to those involved here – namely, whether Daytrana infringes the '760 patent. Johnson Matthey asserts that it is immaterial to the first-to-file analysis that Shire was not made a party to the Texas Action until after the instant action was filed because the rule "turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute."[8] Defendants further argue that no efficiency or justice considerations appear that would justify something other than the ordinary application of the first-to-file rule in this case. Finally, Defendants forward several alternative arguments, should the Court reject their primary argument on the application of the first-to-file rule.[9]

---

[6] This Court's jurisdiction over declaratory judgment actions is discretionary in nature. See 28 U.S.C. § 2201(a); see also Samuel Goldwyn, Inc. v. United Artists Corp., 113 F.2d 703, 709 (3d Cir. 1940); Minn. Mining and Mfg. Co. v. Norton Co., 929 F.2d 670, 672 (Fed. Cir. 1991).

[7] Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed. Cir. 1993) overruled on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277 (1995). The Court of Appeals for the Federal Circuit has endorsed application of the first-to-file rule by district courts in patent cases. Id.

[8] Defs.' Mot. Dismiss at 5 (quoting RJF Holdings III v. Refractec, Inc., No. 03-1600 2003 WL 22794987, at *2 (E.D. Pa. Nov. 24, 2003))

[9] Due to the manner of the Court's disposition of this Motion, Defendants' alternative arguments need not be addressed here.

Shire agrees that the first-to-file rule should govern the disposition of this matter, but contends that the rule here favors the Pennsylvania forum.[10] Shire's position apparently is based on a view that the identity of the parties in the disputes is central to the first-to-file inquiry. Thus, Plaintiffs assert the instant action was first-filed, relative to the Texas Action, because this action was the first to involve Shire as a party. Further focusing on the identity of parties, Shire rejects the proposition that the amended complaint adding it as a defendant in the Texas Action "relates back" to the original date of filing under Federal Rule of Civil Procedure 15(c)(3), arguing that Defendants cannot make out the conditions necessary to support relation back under that Rule. Moreover, Shire claims that Johnson Matthey cannot benefit from the first-to-file rule in any event because its filing in Texas and failure to sue Shire there in the first instance constitute bad faith litigation conduct which renders the rule inapplicable. Plaintiffs also address Defendants' alternative request for transfer, arguing that the relevant public and private interests under 28 U.S.C. § 1404(a) weigh decidedly against transfer in this case.

Federal district courts have jurisdiction to adjudicate declaratory judgment actions pursuant to the Declaratory Judgment Act.[11] Jurisdiction under the Act is discretionary.[12] As such, a district court may decline to hear a declaratory judgment action for a "sound reason."[13] A district court abuses its discretion to dismiss a declaratory judgment action where it does so on the basis of incorrect legal conclusions, erroneous findings of fact, inadequate supporting

---

[10] Pls.' Mem. Opp'n at n.3.

[11] 28 U.S.C. § 2201(a).

[12] Minn. Mining, 929 F.2d at 672.

[13] Genentech, 998 F.2d at 936 (citing Samuel Goldwyn, Inc., 113 F.2d at 709).

4

evidence, or in an otherwise arbitrary or unreasonable manner.[14]  In general, the decision whether or not to adjudicate a declaratory judgment action is properly informed by "considerations of practicality and wise judicial administration."[15]

District courts apply substantive patent law as articulated by the Court of Appeals for the Federal Circuit, as well as Federal Circuit rulings on matters of procedural law which affect "national uniformity in patent practice."[16]  The Federal Circuit has endorsed application of the longstanding first-to-file rule in patent actions under the latter rationale.[17]  The Supreme Court first described the doctrine in 1824, stating, "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it."[18]  The Federal Circuit has explained its view that the first-to-file rule is flexible, and exceptions to it are "not rare," although any such exception must be justified by a "sound reason that would make it unjust or inefficient to continue the first-filed action."[19]  This requirement mirrors the underlying purposes of the rule, to promote comity among courts and wise expenditure of judicial resources, as well as fairness and consistency of results, by avoiding duplicative concurrent actions.[20]

The Federal Circuit has not expressly stated a view as to whether, in patent cases,

---

[14] Genentech, 998 F.2d at 936.

[15] Wilton, 515 U.S. at 287-88.

[16]  Genentech, 998 F.2d at 937.

[17] Id.

[18] Smith v. McIver, 22 U.S. (9 Wheat.) 532, 535 (1824).

[19] Genentech, 998 F.2d at 937-38.

[20] Id. at 938 (citing Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)).

the first-to-file rule applies only where the concurrent actions at issue involve identical parties. When deciding patent matters based upon particular aspects of the first-to-file rule on which the Federal Circuit has been silent, district courts look to understandings of the doctrine as developed generally in the federal courts.[21]  Regarding the instant question, courts within and outside this Circuit have found no requirement that the parties in the concurrent actions be the same in order for the first-to-file rule to apply.[22]  Meanwhile, district courts deciding patent actions in this Circuit repeatedly have stated that the rule hinges on which court first takes possession of the subject of the dispute, and not necessarily the parties to it.[23]

The "subject matter" requirement of the first-to-file rule is satisfied in patent infringement matters where the actions in question involve the same patent and the same

---

[21] See, e.g., Schering Corp. v. Amgen, Inc., 969 F. Supp. 258, 267 (D. Del. 1997) (citing to decisions from the Courts of Appeals for the Second Circuit and Third Circuit as guiding authority on questions regarding the first-to-file doctrine's application to a patent matter); Vanguard Prods. Group, Inc. v. Protex Int'l Corp., No. 05-6310 2006 WL 695700, at *3 -*5 (N.D. Ill. Mar. 14, 2006) (citing to district court decisions from the Third, Fourth and Seventh Circuits as guiding authority on the application of the first-to-file rule in a patent matter).

[22] E.g., Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941) (formally adopting the first-to-file rule in the Third Circuit and stating that "[t]he party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter"); Time Warner Cable, Inc., v. USA Video Technology Corp., 520 F. Supp.2d 579, 585 (D. Del. 2007) (noting in patent action that the first-to-file rule applies to concurrent actions that involve the same subject matter, "not necessarily the same parties"); Time Warner Cable, Inc., v. GPNE Corp., 497 F. Supp. 2d 584, 588-89 (D. Del. 2007) (same); Refractec, 2003 WL 22794987, at *2 (applying first-to-file rule to favor court that first possessed subject of the dispute in patent case, irrespective of parties); Versus Tech., Inc., v. Hillenbrand Indus., Inc., No. 04-168 2004 WL 3457629 at *5 (W.D. Mich. November 23, 2004) (stating in patent matter that complete identity of parties is not required for first-to-file rule to apply).  This understanding of the requirements of the first-to-file rule is likewise found in non-patent cases.  E.g., Advanta Corp. v. Visa U.S.A., Inc., No. 96-7940 1997 WL 88906, at *2 (E.D. Pa. Feb. 19, 1997) (stating in non-patent case that "the first-to-file rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute").

[23] E.g., USA Video, 520 F. Supp. 2d at 585; GPNE, 497 F. Supp. 2d at 588-89; Schering, 969 F. Supp. at 267; Refractec, 2003 WL 22794987, at *2.

allegedly infringing product, though not necessarily the same parties.[24] A rigid requirement that there be identical parties in the actions at issue would be at odds with the rule's flexible nature, which the Federal Circuit has emphasized.[25] In contrast, the rule accomplishes its core purpose of avoiding wasteful, and potentially inconsistent, duplicative litigation where it causes one action regarding a particular product's possible infringement of a patent to yield to another, earlier-filed action regarding the exact same question.

Here, the Court finds that the Texas Action and the instant declaratory judgment action share the same subject. The fundamental subject of both disputes is whether the product Daytrana infringes the '760 patent. The Texas Action was initiated on June 19, 2007, by complaint alleging infringement of the '760 patent by Noven through its manufacture of the product Daytrana. Approximately one month later, on July 18, 2007, Shire, as exclusive global licensee and distributor of Daytrana, filed the present action seeking a declaration that Daytrana does not infringe the '760 patent. Johnson Matthey subsequently added Shire as a defendant in the Texas Action via an amended complaint, as the parties thoroughly discuss in their arguments regarding relation back under Federal Rule 15(c)(3). However, the timing of the addition of Shire as a party to the Texas suit is not material to the determination of which action was first-filed.[26] Rather, as previously noted, the substantive touchstone of the first-to-file inquiry is

---

[24] See USA Video, 520 F. Supp. 2d at 586 (finding of same subject matter in two actions where "[b]oth suits concern the alleged infringement of the '792 patent by digital cable systems that provide VOD services to . . . subscribers via set-top boxes. The two suits share the same facts and deal with the same allegedly infringing products.").

[25] Genentech, 998 F.2d at 937-38.

[26] For purposes of the first-to-file analysis, the "point of inquiry is the original complaint, not the amended complaint," such that relation-back analysis is not necessary under present circumstances. Schering, 969 F. Supp. at 267 (citing E.E.O.C. v. Univ. of Penn., 850 F.2d 969, 970 (3d Cir. 1988)); USA Video, 520 F. Supp. 2d at n.48.

subject matter. As such, because the Texas court obtained possession of the subject of this dispute on June 19, 2007, nearly a month before this Court obtained possession of the same, the first-to-file rule compels dismissal of the instant declaratory judgment action in favor of the Texas Action, unless some exception to the rule applies.

As we have noted, the first-to-file rule is flexible, and exceptions to it are appropriate where justice or efficiency considerations so require. "Such reason may be the convenience and availability of witnesses, or absence of jurisdiction over necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest."[27] Exception to the rule may also be supported by equitable considerations such as a showing of forum shopping, bad faith or anticipatory conduct in the filing of the chronologically first action.[28] Plaintiffs assert just one of these factors, forum shopping, as a basis for this Court to deny Defendants the benefit of the first-to-file rule, should we decide initially that the rule favors the Texas forum.

Shire contends that Johnson Matthey "plainly" engaged in forum shopping when it filed the Texas Action, pointing out that both companies are headquartered within this judicial district, far from the Texas forum, and claiming that neither Defendants, Plaintiffs, nor the litigation itself have a substantial connection to the Eastern District of Texas.[29] These arguments ignore the fact that when filed, the Texas Action did not involve Shire as a party, but rather involved Johnson Matthey against the Florida company, Noven. Because Shire was not a party

---

[27] Genentech, 998 F.2d. at 937-38.

[28] Serco Serv. Co. v. Kelley Co., 51 F.3d 1037, 1039 (Fed. Cir. 1993).

[29] Pls.' Mem. Opp'n 5-6.

to the Texas Action when filed, its connection to and distance from the Texas forum are immaterial to the Court's evaluation of whether Johnson Matthey engaged in forum shopping when it initiated its infringement suit there.  Furthermore, while Johnson Matthey's and Noven's connections to the Texas forum could conceivably inform the Court's analysis, nothing of substance has been presented, either in the briefs or at the hearing on this matter, to cast doubt on the propriety of the filing of the Texas Action.  Thus the Court is left to confront Shire's bald assertions that Johnson Matthey has no connection to the Eastern District of Texas, and was motivated by "a perception that [that forum] would be favorable to its case."[30]  These conclusory statements cannot support a finding of forum shopping by the Court.  In any event, the Federal Circuit has stated that its advent has generally tempered the impact of forum shopping in patent matters such as this,[31] rendering unclear whether forum shopping alone could suffice as a basis for an exception to the first-to-file rule.[32]  Shire's allegations of forum shopping by Johnson Matthey do not justify making such an exception here, nor, in the Court's view, do the other potential grounds for exceptions from the first-to-file rule that Shire has not pressed in argument.[33]

---

[30] Pls.' Mem. Opp'n 6.  Johnson Matthey's stated efficiency-based reasons for electing to sue Noven in Texas were not seriously contested at the hearing on this Motion.  See Hr'g Tr., Doc. No. 32.  Furthermore, the Court notes that a trial date has been set and a preliminary case management order imposed in the Texas Action.

[31] Serco, 51 F.3d at 1040.

[32] See Elec. For Imaging, Inc. v. Coyle, 394 F.3d 1341, 1348 (Fed. Cir. 2005).

[33] So as to avoid elevating form over substance, the Court also has considered certain convenience arguments, raised by Shire under the rubric of arguments for transfer under 28 U.S.C. § 1404(a), which overlap somewhat with the convenience-based ground for exception from the first-to-file rule established by the Federal Circuit.  See Genentech, 998 F.2d. at 937-38.  Specifically, Shire contends convenience considerations favor this forum over the Texas forum because its party and third-party witnesses are located, in the main, near or within the geographical area of the Eastern District of Pennsylvania.  The Court focuses on the convenience of and access to potential third-party witnesses, assuming party witnesses will participate in litigation wherever it occurs.  See Gen. Motors Corp. v. Schneider Logistics, Inc., 2006 WL 2987785, at *6 (E.D. Pa. Oct. 17, 2006) (emphasizing

In sum, the first-to-file rule urges dismissal of the instant declaratory judgment action in favor of the Texas Action because the Texas Action was earlier-filed, the two actions concern the same subject matter, and no exception from the ordinary application of the rule is warranted.[34]

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss will be granted. An appropriate Order follows.

---

convenience of third party witnesses in particular in similar transfer analysis); see also Samsung Elec. Co. V. Rambus, Inc., 386 F. Supp.2d 708, 718 (E.D. Va. 2005). Shire demonstrates that certain third-party witnesses it may wish to rely on at trial live near this courthouse. On the other hand, the Court infers that Johnson Matthey views any inconvenience to its potential third-party witnesses that might flow from litigating this case in Texas to be less than burdensome. Meanwhile, the location of an important third-party witness, Chester Sapino, is unclear, with Shire stating he lives in Sewell, New Jersey, within the reach of this Court's subpoena power, and Johnson Matthey maintaining he lives in upstate New York, beyond the Court's reach, and inconvenient, in any event, to either forum. Shire's convenience argument thus appears to amount to a contention that litigating this matter in the Texas forum will be inconvenient to *its* third-party witnesses. This contention fails to persuade the Court to depart from the normal operation of the first-to-file rule. The Court will not maintain possession of this action on convenience grounds, and thus override the dictate of the first-to-file rule, when doing so "merely serves to shift inconveniences from one to another." See, e.g., Kremer Laser Eye, 2003 WL 22794987, at *4 (quoting Weight Watchers Int'l v. The Stouffer Corp., No. 88-1989 WL 73292, at *4 (S.D.N.Y. June 28, 1989).

[34] Because this matter is decided on first-to-file grounds, the Court will not address the parties' arguments regarding Defendants' alternative requests for transfer or stay.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SHIRE U.S., INC., et al., <br> Plaintiffs, <br> v. <br><br> JOHNSON MATTHEY, INC., et al., <br> Defendants. | CIVIL NO. 07-CV-2958 |

## ORDER

**AND NOW**, this 14th day of February 2008, upon consideration of Defendants' Motion to Dismiss, or in the Alternative, to Transfer or Stay [Doc. No. 6], the Response in Opposition thereto [Doc. No. 8], the Reply [Doc. No. 12], and Sur-reply thereto [Doc. No. 20], and oral argument on the Motion, it is hereby **ORDERED** that the Motion is **GRANTED IN PART** and **DISMISSED IN PART** as follows:

1. Defendants' Motion to Dismiss is **GRANTED**;

2. Defendants' Motion to Transfer or Stay this matter is **DISMISSED** as moot;

3. The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**